UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH S. MAYFIELD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CV01363 AGF |
| WEST END CLINIC, INC., et al. | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 27). On July 26, 2010, Plaintiff commenced this employment discrimination action *pro se* against his former employer, claiming discrimination on the basis of gender, as well as retaliation and harassment. On September 20, 2010, the Court denied his initial motion to appoint counsel, without prejudice, because Plaintiff had not established that he could not afford to retain counsel, the dispute was straightforward, and the legal issues presented were not complex. See In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986).

On January 21, 2011, Plaintiff filed a new motion to appoint counsel. In support of this motion, Plaintiff provided a sworn statement that he had made multiple efforts to obtain legal counsel in July 2010 and January 2011, but was unable to secure counsel because of his inability "to pay a reasonable attorney fee." (Doc. 27.) The factors to consider in deciding whether to appoint counsel in a Title VII case are whether: (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so; (3) there is some factual basis for the

plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel.  See In re Lane, 801 F.2d at 1043-44; Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984).

With respect to Plaintiff's financial resources, the Court notes that Plaintiff's motion to proceed *in forma pauperis* was granted after review of his financial affidavit, which evidenced his inability to pay the filing fee.  (Doc. 5.)  Moreover, as Plaintiff's sworn statement indicates, Plaintiff has made multiple efforts to obtain legal counsel in July 2010 and January 2011, but has been unable to secure counsel because of his inability "to pay a reasonable attorney fee."  (Doc. 27.)  The Court also finds that there is some factual basis for Plaintiff's lawsuit, as evidenced by the Notice of Right-to-Sue Letter Plaintiff attached to his original complaint (Doc. 1-1), and the information and allegations in Plaintiff's motion for summary judgment (Doc. 22).[1]  Finally, the Court finds that Plaintiff and the Court would benefit from the assistance of counsel in this action in light of Plaintiff's failure to comply with the Local Rules in filing his Motion for Summary Judgment (Doc. 22), Defendants' Amended Motion for More Definite Statement (Doc. 23), and Plaintiff's failure to respond to either Defendants' Amended Motion for More Definite Statement (Doc. 23) or Defendants' Motion to Dismiss (Doc. 24.)

---

[1] Plaintiff's motion for summary judgment is being denied in a separate order of today's date, for failure to comply with Local Rule 7-4.01(E).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 27) is **GRANTED**.

**IT IS HEREBY ORDERED** that Mark G. Jacobs, ARMSTRONG TEASDALE, LLP, 7700 Forsyth Boulevard, Suite 1800, St. Louis, MO, 63105, phone 314-259-4792, fax 314-613-8515, is appointed to represent plaintiff in this matter. The Clerk of the Court shall provide plaintiff's newly-appointed counsel with a complete copy of the court file at no cost.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2011.