UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH S. MAYFIELD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV01363 AGF |
| | ) | |
| WEST END CLINIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Keith S. Mayfield moves, by and through appointed Counsel, Mark G. Jacobs, and pursuant to the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-Of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e) (" the Fund Regulations"), for $2,500.00 in attorney's fees, and $2,200.00 in expenses attributable to mediation fees. Counsel filed this ex parte motion pursuant to Local Rules 83-12.03 and 83-12.06 documenting 24.6 hours spent in preparation for, and attendance at, the mediation session. (See Doc. No. 51-1). For the reasons set forth below, the Court will reimburse Counsel for attorney's fees in the amount of $2,500.00 and expenses of $750.00.

All applications for disbursement of funds from the Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 83-12.03 and 83-12.06, the Administrative Order of May 5, 2010, concerning the Attorney Admission Fee Non-Appropriated Fund, and the Fund Regulations issued May 5, 2010. The Fund

Regulations authorize the judge to whom the case is assigned to approve reimbursement for attorney's fees not to exceed $2,500.00. *See* Fund Regulations, at § B.2. The assigned judge also may approve reimbursement for expenses not to exceed $5,000.00 *See Id*., at § B.3.

**Attorney's Fees**

A request for attorney's fees from the Attorney Admission Fee Non-Appropriated Fund must be filed not later than sixty days after the entry of final judgment in the matter, and accompanied by sufficient documentation to permit the Court to determine that the time claimed for attorney's fees was expended and was appropriate and reasonable. *Id.* at § C.1. In this case, Counsel timely filed the Request for Compensation form and exhibits documenting his fees, for 24.6 hours spent in preparation for, and attendance at, the mediation session. *See* (Doc. No. 51-1). Upon review of the documentation provided the Court finds that Counsel's request for attorney's fees is reasonable and reimbursable.

**Expenses**

Local Rule 83-12.06(D) provides that "to the extent reasonable in light of his or her financial condition, a party represented by appointed counsel shall bear the expenses of the litigation." Appointed counsel may, however, apply for reimbursement of reasonable expenses from the Attorney Admission Fee Non-Appropriated Fund. Local Rule 83-12.06(D). In addition, Local Rule 16-6.03(C)(2) provides that a *pro bono* neutral may be appointed for a party who "demonstrates a financial inability to pay all or part" of his share of the neutral's fee. Where such an appointment is made, the neutral may seek reimbursement of his fee, but in no event may the fee awarded exceed $750.00. *See*

Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Neutral Fees Incurred by a Neutral Appointed to Serve *Pro Bono* Pursuant to Local Rule 16-6.03(C)(2) ("*Pro Bono* Neutral Regulations"), at § B.1. The *Pro Bono* Neutral Regulations further provide that "[o]nly a neutral fee that has been waived or reduced by the Court may be reimbursed. If other parties to the case are able to pay the fee, they shall bear their pro rata portion of the fee, and the neutral shall not include that portion of the fee in the request for reimbursement." *Id.* at § B.2.

In this case, Counsel did not request the appointment of a *pro bono* neutral and now seeks reimbursement of the entire mediation fee[1] of $2,200.00. Counsel has, as required, documented that the expenses claimed for the mediation fee were "actually paid out." Fund Regulations at § E.; (Doc. No. 51-2.) However, in light of the provision under Local Rule 16-6.03 for the appointment of a *pro bono* neutral and the restriction that only a "waived or reduced" neutral fee may be reimbursed, the Court concludes that only Plaintiff's portion of the mediation fee should be awarded. In addition, the Court will not reimburse Plaintiff for the entire amount of his share of the mediation fee, but will reduce the award to $750.00, the maximum amount that could have been reimbursed under the *Pro Bono* Neutral Regulations.

---

[1] Counsel has advised the Court that pursuant to the terms of the settlement reached in mediation, Plaintiff agreed to pay the entire mediation fee rather than splitting it with Defendant as would normally be the case. Counsel concedes that due to this circumstance, the Court may find a lesser award reasonable and appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Appointed Counsel's ex parte Motion to Request Compensation for Services and Reimbursement of Out-of-Pocket Expenses (Doc. No. 51) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Counsel is awarded $2,500.00 in attorney's fees and $750.00 in expenses to be paid from the Attorney Admission Fee Non-Appropriated Fund.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2012.